## Bair v. Aliquippa & Southern
## Railroad Co.

*H. W. Daniels*, for plaintiff.

*K. L. Salmon*, for Aliquippa & Southern Railroad Company, defendant.

*H. F. Reed, Jr.*, for Jones & Laughlin Steel Corp., defendant.

KLEIN, J., December 1, 1972.—We have before us preliminary objections by each of the corporate defendants in the nature of a demurrer.

Plaintiff's complaint is an effort to bring the claim within the provisions of the Federal Employers' Liability Act (FELA), 45 U.S.C. §51. Plaintiff's complaint does set forth facts which would entitle plaintiff to an award under the Workmen's Compensation Act against his employer, Jones & Laughlin Steel Corporation, and also a cause of action on a theory of common law negligence against the other corporate defendant, Aliquippa & Southern Railroad Company.

Plaintiff seeks to bring his claim within the provisions of FELA by alleging, inter alia, that:

1. Plaintiff is an employe of Jones & Laughlin Steel Corporation.

2. Aliquippa & Southern Railroad Company is a wholly-owned subsidiary of Jones & Laughlin Steel Corp., which controls and dominates the Aliquippa & Southern Railroad Company and its operations.

3. Therefore, plaintiff is an "employe" of both corporations.

4. Jones & Laughlin Steel Corp. is a common carrier because Aliquippa & Southern Railroad Company is a common carrier.

However, the ingenuity of counsel fell short in alleging facts, as distinguished from conclusions, to establish that Jones & Laughlin Steel Corporation is a common carrier. Plaintiff's complaint also makes an assertion that plaintiff was an employe of both corporations without alleging sufficient facts to establish same. The complaint also is short of facts to show that plaintiff was injured while employed by a common carrier engaged in interstate commerce.

The complaint alleges that plaintiff was driving a Jones & Laughlin Steel Corporation fuel truck at the time of the accident which involved a collision with defendant railroad's locomotive.

In support of his position, plaintiff cites one case, Lone Star Steel Company v. McGee, 380 F. 2d 640 (5th Cir., 1967).

In the Lone Star case, plaintiff, an employe of the steel company, was engaged in the occupation of "railroad switchman" in the steel company's rail operation. Lone Star was shown to be the owner and operator of a considerable amount of railroad equipment, including rolling stock, in addition to dominating and controlling the railroad affiliate. Indeed, the court dismissed the railroad company as a party defendant in that case. It was also established that

Lone Star provided "rail service" to a number of business enterprises located within and upon its premises. Consequently, the instant case is easily distinguishable and Lone Star would have no application to the facts alleged in this compalint.

Conceivably, plaintiff may be able to amend his complaint to the extent required to bring it within the purview of the Lone Star decision.

For these reasons, we make the following

### ORDER

Now, December 1, 1972, it is ordered, adjudged and decreed that the preliminary objections to plaintiff's complaint by each of the defendants, be and are hereby sustained without prejudice to the right of plaintiff to amend his complaint. Plaintiff is granted leave to file an amended complaint within 30 days from the date of this order.